JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVIS,<br><br>   Plaintiff,<br><br>  v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>   Defendants. | Case No. 2:22-cv-00439-MCS-PVC<br><br>**ORDER REMANDING CASE AND DENYING MOTION TO REMAND (ECF NO. 11) AS MOOT** |

  The Court ordered Defendant BMW of North America, LLC, to show cause why the case should not be remanded to state court. (OSC, ECF No. 12.) Defendant filed a response. (Resp., ECF No. 14.) Plaintiff William Davis did not respond to the order to show cause, but he separately filed a motion to remand, which is fully briefed. (Mot., ECF No. 11; Opp'n, ECF No. 15; Reply, ECF No. 18.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I. BACKGROUND**

  This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff bought a 2016 BMW M235i ("Vehicle") in October 2019. The Vehicle exhibited defects. Defendant was unable to timely rectify the defects and refused to

repurchase the vehicle or provide restitution. The Complaint seeks replacement of the Vehicle, restitution, damages, a civil penalty, attorney's fees and costs of suit, interest, and other relief the Court may deem proper. Plaintiff's civil case cover sheet indicates his demand exceeds $25,000. (*See generally* Compl., ECF No. 1-2.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 21STCV41810. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

The amount in controversy is not clear from the face of the Complaint. Plaintiff does not plead any specific amount in controversy, but the civil case cover sheet submitted to the state court with the Complaint indicates the amount demanded exceeds $25,000. (Stefatos Decl. Ex. A, at 5, ECF No. 1-2.) Plaintiff's pleading does not clearly indicate whether the total amount Plaintiff seeks exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant submits that actual damages are $35,655.77, the total consideration for sale of the Vehicle. (Resp. 3; Stefatos Decl. Ex. A, ECF No. 14-2.) But the full purchase price is not the proper measure of damages. The mileage offset provided in Civil Code section 1793.2 should be considered in evaluating the amount in controversy. *See D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *6–7 (C.D. Cal. May 21, 2020) (collecting remand decisions in which defendants failed to account for mileage offset).

Defendant argues that no mileage offset should be applied because Plaintiff alleges the Vehicle was defective at the time it was sold. (Resp. 3–4.) Defendant's

3

position finds no purchase in the text of the SBA, and Defendant provides no legal authority supporting its argument.

Defendant fails to show that the full price of the Vehicle is the proper measure of actual damages. Without presenting a cogent argument or evidence as to the appropriate offset, Defendant fails to substantiate the measure of actual damages.

**B.  Civil Penalties**

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty when evaluating the amount in controversy because Plaintiff pleads entitlement to the maximum penalty. (Resp. 2–3.) Acknowledging a split in authority, the Court respectfully declines to follow the line of cases Defendant cites. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–8 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S.

4

Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

**C.     Fees**

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant argues that the Court should consider prospective fees, but it provides no estimate of the fees that are likely to be incurred in this case. (Resp. 4–5.) Defendant's assumption that the fees in this matter will push the amount in controversy over the jurisdictional threshold is speculative at best. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred").

### D. Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

The motion to remand is denied as moot. The Court also denies Plaintiff's request for fees he incurred due to removal. (Mot. 12–15.) Defendant had an objectively reasonable basis upon which to remove the case given the intracircuit conflict on whether the maximum civil penalty may contribute to the amount in controversy upon a plaintiff's boilerplate allegations of willful conduct. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–8; *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) ("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## IV. CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 21STCV41810. The Court directs the Clerk to effect the remand and close the case. The Court denies the motion to remand as moot.

**IT IS SO ORDERED.**

Dated: March 18, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE